UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **GREGORY PAUL DAMM** | **CIVIL ACTION** |
| **VERSUS** | **NO. 15-1209** |
| **JESSICA J. BREWSTER ET AL.** | **SECTION "B"(2)** |

### ORDER AND REASONS

Plaintiff, Gregory Paul Damm, an inmate currently incarcerated in the St. Tammany Parish Jail, has submitted an application to proceed in forma pauperis in connection with the captioned 42 U.S.C. § 1983 complaint. Plaintiff seeks monetary and injunctive relief against defendants for his alleged false arrest, unlawful prosecution and conspiracy to withhold or delay the delivery of his outgoing mail. Record Doc. No. 4, Complaint. His pauper application is a non-dispositive pretrial matter which was referred to a United States Magistrate Judge pursuant to Local Rule 72.1(B)(1) and 28 U.S.C. § 636(b).

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321, signed into law on April 26, 1996, now codified at 28 U.S.C. § 1915(g), provides that a prisoner shall not be allowed to bring a civil action pursuant to 28 U.S.C. § 1915 if he has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on grounds that it was frivolous, malicious, or failed to state a claim for which relief can be granted, unless the prisoner is under imminent danger of serious physical injury.

Damm is a frequent filer of civil actions while incarcerated. At least six (6) of his prior twelve (12) civil actions in federal courts were dismissed as frivolous and/or for failure to state a claim, including three within this circuit:[1] Damm v. Morgan, C.A. No. 05-270 (W.D. La. May 5, 2005) (dismissed as frivolous and for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)); Damm v. Booty, C.A. No. 05-1093 (W.D. La. Jan. 20, 2006) (dismissed as frivolous and for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)); Damm v. Smart, C.A. No. 07-0853 (M.D. La. Nov. 27, 2007) (dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)). Most recently, in Damm v. Cooper, App. No. 06-31247 (5th Cir. Jul. 11, 2008), the United States Fifth Circuit Court of Appeals dismissed his appeal as frivolous, imposed a bar to any future filings under the three strikes rule of 28 U.S.C. § 1915(g), and threatened to sanction Damm if he continued to make frivolous filings.

Under these circumstances, Damm may not proceed as a pauper in this action unless he fits within the "imminent danger" exception of Section 1915(g). Damm alleges that he may be in danger and should be in the witness protection program, because while he was incarcerated in 2010, he witnessed the murder of another inmate and reported it to the FBI. However, Damm does not allege what physical danger he may now face, nor does his complaint demonstrate anything establishing that he is in imminent danger of serious

---

[1] As identified by the United States Fifth Circuit and on the federal courts' PACER index, his complaints were also dismissed in Damm v. Koval, 07-3129 (C.D. Ill. Jun. 28, 2007) (dismissed as frivolous and for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)), and Damm v. Williams, 08-1619 (S.D.N.Y. Feb. 19, 2008) (dismissed as frivolous and for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)).

physical injury. Consequently, he is <u>not</u> entitled to proceed in forma pauperis pursuant to the provisions of the PLRA. For the foregoing reasons,

**IT IS ORDERED** that plaintiff's motion to proceed in forma pauperis (Record Doc. No. 3) is **DENIED** pursuant to 28 U.S.C. § 1915(g).

New Orleans, Louisiana, this <u>   11th   </u> day of May, 2015.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE